UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIDIA SOLANO-SANCHEZ<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STATE FARM MUTUAL AUTO<br>INSURANCE COMPANY,<br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 5:19-cv-04016 |

**O P I N I O N**
Defendant's Motion to Dismiss for Failure to State a Claim—DENIED

**Joseph F. Leeson, Jr.**                                                                                  **January 24, 2020**
**United States District Judge**

**I.　　INTRODUCTION**

　　In this diversity action, Plaintiff Nidia Solano-Sanchez sues her automobile insurance provider, State Farm Mutual Auto Insurance Company ("State Farm"), for State Farm's alleged failure to timely pay underinsured motorist benefits pursuant to an insurance policy. *See generally*, Solano-Sanchez's Complaint ("Compl."), ECF No. 1. State Farm has filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), contending that the facts alleged fail to support (1) Solano-Sanchez's cause of action for State Farm's alleged bad faith, as well as (2) her request for attorneys' fees on her breach of contract claim. *See generally* State Farm's Memorandum in Support of its Motion to Dismiss ("State Farm's Mem."), ECF No. 9-10; *see also* Solano-Sanchez's Memorandum in Opposition ("Opp'n. Mem."), ECF No. 14-2. For the reasons set forth below, State Farm's motion to dismiss is denied.

1
012420

## II. BACKGROUND

### A. Facts Alleged in the Complaint[1]

On or about October 12, 2016, Solano-Sanchez was the driver of the last vehicle in a three-vehicle, rear-end automobile accident occurring in Reading, Pennsylvania. Compl. ¶ 8. As a result of this accident, Solano-Sanchez sustained serious injuries to her back, spine, neck, upper extremities, lower extremities, and left leg, for which she subsequently sought medical attention. *Id*. ¶¶ 9-10. According to the Complaint, Solano-Sanchez's injuries have left her in constant pain, and she believes she will require ongoing medical care. *Id*. ¶¶ 12-13.

At the time of her automobile accident, Solano-Sanchez was covered by an automobile insurance policy issued by State Farm under policy number 2604022238002 ("the Policy").[2] Compl. ¶¶ 17, 24. The Policy provided for first-party underinsured motorist benefits in the amount of $15,000 per vehicle in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law. *Id*. ¶ 26. Solano-Sanchez paid all premiums under the Policy as required, and the terms of the Policy were in full force and effect at the time of the accident. *Id*. ¶¶ 19-20, 24. The Complaint avers that Solano-Sanchez met all the requirements to qualify for underinsured motorist benefits under the terms of her policy.[3] *Id*. ¶ 21.

---

[1] These facts are drawn from the Complaint and accepted as true, with all reasonable inferences drawn in Solano-Sanchez's favor. *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018). With several noted exceptions, the Court's recitation of the facts does not include conclusory assertions or legal contentions, neither of which need be considered by the Court in determining the viability of Solano-Sanchez's claims. *See Brown v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-CV-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019).
[2] Certain documents related to the Policy are attached to the Complaint as Exhibit A.
[3] Although this allegation and several others included here might be considered "legal" rather than factual in nature, the Court incudes them for purposes of continuity and context.

According to the Complaint, "at the very latest, on or about March 16, 2017," State Farm received correspondence from Solano-Sanchez of an anticipated underinsured motorist claim arising out of the October 12, 2016 accident.[4] Compl. ¶ 28. On March 2, 2018, State Farm advised Solano-Sanchez that she had "stacked" underinsured motorist benefits for three vehicles and that these stacked benefits were applicable to her underinsured motorist benefits claim.[5] *Id.* ¶ 27. According to the Complaint, this meant that the available benefits under the policy totaled $45,000.00. *Id.*

On or about January 12, 2018, Solano-Sanchez forwarded all relevant records to State Farm and sought State Farm's consent to settle with the third-party insurance carrier of the tortfeasor, "The General," for the available insurance amount of $15,000.00. Compl. ¶ 29. On January 16, 2018, State Farm granted consent for Solano-Sanchez to settle with the third-party insurance carrier and waived its subrogation rights.[6] *Id.* ¶ 30. Solano-Sanchez subsequently entered into a settlement and release agreement with the tortfeasor and "The General" for $15,000.00. *Id.* ¶ 31.

On or about March 30, 2018, State Farm advised Solano-Sanchez that her underinsured motorist benefits claim was being "evaluated."[7] Compl. ¶ 32. On April 13, 2018, State Farm requested via telephone that Solano-Sanchez submit to an examination under oath ("EUO"), to which she agreed. *Id.* ¶ 33. State Farm informed Solano-Sanchez on April 19, 2018, that the law firm of Forry-Ullman had been assigned to conduct an EUO.[8] *Id.* ¶ 34. On May 4, 2018, State

---

[4]  This and all subsequent correspondence from Solano-Sanchez referenced here was made through her counsel, Danielle Duffy. A copy of this correspondence is attached to the Complaint as Exhibit C.
[5]  A copy of this correspondence is attached to the Complaint as Exhibit B.
[6]  A copy of this correspondence is attached to the Complaint as Exhibit D.
[7]  A copy of this correspondence is attached to the Complaint as Exhibit E.
[8]  A copy of this correspondence is attached to the Complaint as Exhibit F.

Farm, through Forry-Ullman, notified Solano-Sanchez that her EUO would take place on July 18, 2018.[9] *Id*. ¶ 35. Solano-Sanchez subsequently requested that her EUO be held sooner, and she was given a new date of July 9, 2018, on which date her EUO was conducted at Forry-Ullman's offices.[10] *Id*. ¶ 36.

On or about July 20, 2018, Solano-Sanchez advised State Farm that she would settle her underinsured motorist benefits claim for the "stacked" policy limit of $45,000.00.[11] Compl. ¶ 37. Several days letter, on or around July 23, 2018, State Farm, through counsel, advised Solano-Sanchez that it was awaiting arrival of several of her medical records, and after completing a review of these records it would likely direct her to undergo an independent medical examination ("IME").[12] *Id*. ¶ 38. On or about July 26, 2018, Solano-Sanchez requested that State Farm's counsel advise her as to when her IME might be scheduled.[13] *Id*. ¶ 39. In correspondence dated the following day, July 27, 2018, State Farm, through counsel, declined to provide a specific date for Solano-Sanchez's IME, and instead reiterated that her IME would be scheduled once her records were received.[14] *Id*. ¶ 40. On or around August 1, 2018, Solano-Sanchez provided State Farm's counsel with a copy of her most recent medical records and requested that State Farm advise her whether it needed anything else to schedule her IME. *Id*. ¶ 41.

---

[9]     A copy of this correspondence is attached to the Complaint as Exhibit G.
[10]    A copy of the transcript of Solano-Sanchez's EUO is attached to the Complaint as Exhibit H.
[11]    A copy of this correspondence is attached to the Complaint as Exhibit I.
[12]    A copy of this correspondence is attached to the Complaint as Exhibit J.
[13]    A copy of this correspondence is attached to the Complaint as Exhibit K.
[14]    A copy of this correspondence is attached to the Complaint as Exhibit L.

Between October 16, 2018, and February 27, 2019, Solano-Sanchez executed a "slew" of authorizations to release additional medical records to State Farm, including but not limited her records from "Dynamic Physical Therapy, St. Joseph Medical Center, ENT Head and Neck Specialists," and "Dr. Frederick Reichle." Compl. ¶ 42. According to the Complaint, between February 27, 2019, and June 19, 2019, State Farm made no attempt to apprise Solano-Sanchez of the status of her claim for underinsured motorist benefits, nor did State Farm request that she undergo an IME or seek additional medical records from her. *Id.* ¶ 43. Solano-Sanchez claims that, as of the date of the filing of the Complaint—"nearly three (3) years after the underlying motor vehicle accident"—State Farm has unreasonably and without justification made no offer to pay her underinsured motorist benefits claim. *Id.* ¶¶ 44, 46. She further claims that State Farm has failed to provide a reasonable explanation for its failure to make payment of her underinsured motorist benefits under the Policy. *Id.* ¶ 47.

Based on these allegations, Solano-Sanchez asserts claims for (1) declaratory judgment entitling her to coverage under the Policy, *see* Compl. ¶¶ 16-21, (2) breach of contract under the terms of the Policy, *see id.* ¶¶ 22-51, and (3) "bad faith" under 42 PA. CONS. STAT. § 8371, *see id.* ¶¶ 52-67.

    **B.**    **Procedural Background**

Solano-Sanchez filed the Complaint in this matter on September 3, 2019. *See* ECF No. 1. Service was effectuated on September 25, 2019, *see* ECF No. 8, and State Farm filed its motion to dismiss on October 16, 2019, *see* ECF No. 9. After being granted an extension of time to respond to State Farm's motion, *see* ECF No. 13, Solano-Sanchez filed her opposition to the motion on November 18, 2019, *see* ECF No. 14. State Farm did not file a reply memorandum in further support of its motion to dismiss.

## III. STANDARD OF REVIEW

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the appropriate pleading standard in civil cases and set forth a two-step approach to be used when deciding motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. First, district courts are to "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see id.* at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Thourot v. Monroe Career & Tech. Inst.*, No. CV 3:14-1779, 2016 WL 6082238, at *2 (M.D. Pa. Oct. 17, 2016) (explaining that "[a] formulaic recitation of the elements of a cause of action" alone will not survive a motion to dismiss). Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This standard, commonly referred as the "plausibility standard," "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556-57). It is only where the "[f]actual allegations . . . raise a right to relief above the speculative level" that the plaintiff has stated a plausible claim.[15]

---

[15] As the Supreme Court counseled, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

The Court's task then in deciding a motion to dismiss for failure to state a claim is to determine whether, based upon the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 679; *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set out sufficient factual matter to show that its claims are facially plausible.").

In adjudicating a Rule 12(b)(6) motion, the scope of what a court may consider is necessarily constrained: a court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."[16;17] *United States v. Gertsman*, No. 15-8215, 2016 WL 4154916, at *3 (D.N.J. Aug. 4, 2016) (quoting *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013)).

---

[16] Additionally, a court adjudicating a Rule 12(b)(6) motion may take judicial notice of certain undisputed facts. *See Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, No. CV 15-3435, 2017 WL 5668053, at *9 (E.D. Pa. Nov. 27, 2017).

[17] The Court notes that State Farm's motion papers contain an eight-page, 34-paragraph document labeled "motion to dismiss," ECF No. 9, which sets forth assertions and arguments that largely track those in its "brief in support of [its] motion to dismiss," ECF No. 9-10. Solano-Sanchez has responded to this document with a filing in which she either "admits" or "denies" State Farm's assertions. ECF No. 14. The parties' filings appear to resemble statements of undisputed material facts and responses thereto, which normally appear in the context of summary judgment. State Farm's motion is not, however, a motion for summary judgment. Nothing in the Undersigned's Policies and Procedures, or this District's Local Civil Rules, contemplates a lengthy "motion" containing factual assertions and legal argument; indeed, that is the purpose of the accompanying "brief" or "memorandum." Such filings are especially inappropriate in the context of a Rule 12(b)(6) motion to dismiss, where the truth of alleged facts is not up for dispute. For these reasons, the Court does not consider any of the allegations or arguments in the parties' filings at ECF Nos. 9-10 and 14 in its adjudication of State Farm's motion to dismiss.

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

At the outset the Court must briefly address a matter neither party does: whether subject matter jurisdiction exists to entertain the claims in this case. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (noting that "[t]he requirement that jurisdiction be established" is "a threshold matter"). The Complaint purports to invoke this Court's diversity jurisdiction under to 28 U.S.C. § 1332(a). *See* Compl. ¶ 1. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) ("Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court, pursuant to § 1332(a) of Title 28 of the United States Code . . . .") (quotation marks omitted).

The Court is satisfied that Solano-Sanchez and State Farm are domiciled in different states, and therefore the "diversity" component of jurisdiction is established.[18] As to the "amount in controversy," although the Complaint asserts that "[t]he amount in controversy . . . exceeds $75,000," Compl. ¶ 1, Solano-Sanchez's allegations would appear to support a claim for damages of only $45,000.00—the amount of coverage Solano-Sanchez contends she is entitled to under the Policy, *see id*. ¶¶ 27, 37. However, under 28 U.S.C. § 1332(a), "[a]ttorneys fees,

---

[18] The Complaint's caption states that Solano-Sanchez is domiciled in Pennsylvania, and State Farm is domiciled in Illinois, where its headquarters are located.

costs, interest and punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action." *Henderson v. Nationwide Mut. Ins. Co.*, 169 F. Supp. 2d 365, 368 (E.D. Pa. 2001) (citing *Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir. 1997)). What is more, "[t]he Pennsylvania statute governing bad faith claims in insurance actions, 42 Pa.C.S.A. § 8371, provides recovery of punitive damages, court costs and attorneys' fees for successful plaintiffs." *Henderson*, 169 F. Supp. 2d at 368. Therefore, because Solano-Sanchez seeks "any and all statutory remedies available" under 42 PA. CONS. STAT. § 8371, "including costs, exemplary damages, punitive damages, interest, and attorney[s'] fees," Compl. ¶ 67, the Court is satisfied that she has sufficiently stated a basis for an amount in controversy capable of invoking this Court's diversity jurisdiction. *See Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 753 (W.D. Pa. 2015) (finding the amount in controversy requirement satisfied where the demand for compensatory damages under Section 8371 was only $28,682.41, but where the plaintiff sought punitive damages, noting that "Pennsylvania courts have approved § 8371 punitive damages awards of four to five times the amount of compensatory damages").

Since subject matter jurisdiction appears to exist, the Court will address the viability of Solano-Sanchez's claims.

### B. The Challenged Claims

#### 1. *"Bad faith" under 42 PA. CONS. STAT. § 8371*

State Farm makes two overarching arguments in its motion, the first being that the Complaint fails to sufficiently plead a cause of action under Pennsylvania's bad-faith-in-insurance statute, 42 PA. CONS. STAT. § 8371. State Farm argues that neither (1) Solano-Sanchez's allegations that her injuries merit a tender of payment of underinsured motorist

9
012420

benefits at the upper limit of the policy, nor (2) her allegations that the delay in paying her claim, are sufficient to plead "bad faith" under the statute. *See* State Farm's Mem. at 6-9. The Court finds that Solano-Sanchez has met her pleading burden, and therefore declines, at this early stage of the proceedings, to dismiss her claim for bad faith.

### a. Applicable Law

Title 42, section 8371 of Pennsylvania's Consolidated Statutes provides as follows:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

Where a claim of bad faith is based on a refusal to pay benefits under a policy, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Sanko v. Allstate Ins. Co.*, 323 F. Supp. 3d 707, 716 (M.D. Pa. 2018) (quoting *Colella v. State Farm Fire & Cas. Co.*, 407 F. App'x 616, 622 (3d Cir. 2011)); *Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). Where a refusal to pay benefits can be shown to be "frivolous or unfounded," bad faith is established. *Wolfe v. Allstate Property & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (quoting *Metro. Grp. Prop. & Cas. Ins. Co. v. Hack*, 312 F. Supp. 3d 439, 445 (M.D. Pa. 2018)).

A delay in paying out benefits can also provide the basis for a claim of bad faith. "Courts have [ ] recognized the potential existence of bad faith in situations where there has not been an outright refusal to pay benefits, such as a lack of investigation, failure to communicate with an

insured, or delay." *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, 146 F. Supp. 3d 619, 623 (M.D. Pa. 2015) (citing *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999)). To sufficiently plead bad faith by way of delay, "a plaintiff must allege that a defendant had no reasonable basis for the delay in coverage, and that the defendant delayed coverage with knowing or reckless disregard for the unreasonableness of its action." *Ridolfi*, 146 F. Supp. 3d at 623.

### b. Application to the Complaint

Drawing all reasonable inferences in her favor, Solano-Sanchez's allegations state the following: State Farm was put on notice of her underinsured motorist benefits claim in March 2017. Compl. ¶ 28. In January 2018, State Farm waived its subrogation rights and consented to Solano-Sanchez's settlement with the third-party insurance carrier. *Id.* ¶¶ 29-30. On March 30, 2018, State Farm advised Solano-Sanchez that her claim for underinsured motorist benefits was being evaluated. *Id.* ¶ 32. From April to July 2018, the parties communicated regarding scheduling an EUO, which took place on July 9, 2018. *Id.* ¶¶ 33-36. On July 26, 2018, State Farm advised Solano-Sanchez that it would likely require her to undergo an IME, however, State Farm never moved forward with the IME. *Id.* ¶¶ 39-43. Between August 2018 and February 2019, Solano-Sanchez provided medical records to State Farm, both unsolicited and at their request. *Id.* ¶¶ 41-42. Between February and June 2019, State Farm did not notify her as to the status of her claim, and at the time of the filing of the instant Complaint in September 2019, State Farm had neither paid Solano-Sanchez's claim, nor denied it. *Id.* ¶¶ 43-44.

These allegations are sufficient to plead bad faith under 42 PA. CONS. STAT. § 8371 based on a theory of delay. Solano-Sanchez has alleged that despite her repeated efforts to have her claim evaluated—through attempting to comply with State Farm's requests for information,

providing unsolicited information she thought would help State Farm in its evaluation, and also inquiring as to the status of her claim—and despite having over two years to conduct its investigation, State Farm has unreasonably and without justification failed to approve or deny her claim. Based on her allegations, it would appear that there exists no reasonable basis for State Farm's delay—indeed, failure—to evaluate Solano-Sanchez's claim. Additionally, Solano-Sanchez's communications to State Farm, both for purposes of providing information and inquiring as to her claim, gave (or should have given) State Farm notice that her claim had yet to be paid or rejected. The Complaint therefore pleads State Farm's knowing or reckless disregard for the knowledge of the unreasonableness of its action, or more precisely, lack thereof. Because Solano Sanchez has pleaded (1) that there existed no reasonable basis to delay evaluation of her claim, and (2) that State Farm delayed evaluation of her claim knowing or reckless to the knowledge that such a delay was unreasonable, she has set forth a claim of bad faith on the basis of delay. *See Ridolfi*, 146 F. Supp. 3d at 623; *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) ("The Kellys allege that Progressive failed to pay their claims, make a reasonable settlement offer, investigate their claims properly, and consider medical and other documentation. These allegations suffice to state a claim under § 8371."); *compare Smerdon v. GEICO Cas. Co.*, 342 F. Supp. 3d 582, 591 (M.D. Pa. 2018) (finding an insurer's alleged delay did not support a finding of bad faith where the delay was only several months, the parties had been in communication, and the insurer had yet to receive the requisite police report).

Briefly addressing State Farm's arguments, the Court notes that State Farm is attempting to employ the wrong pleading standard. State Farm appears to argue that Solano-Sanchez must "establish" bad faith "by clear and convincing evidence." State Farm's Mem. at 6-7. Similarly, State Farm contends that to accomplish this, she must show "that the evidence is so clear, direct,

weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendant acted in bad faith." *Id*. at 7 (quoting *Bostick v. ITT Hartford Grp., Inc*., 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999)). Contrary to these contentions, Solano-Sanchez need not "establish" anything at this early point in the proceedings, let alone "by clear and convincing evidence." While this might be her burden of proof *at trial*, at the moment she need only plausibly state that State Farm has unreasonably denied, or declined to take action on her claim, and that it should have known its course of conduct was unreasonable. For the reasons discussed above, she has done so. Whether sufficient facts will be discovered for Solano-Sanchez to survive a motion for summary judgment is unknown and may be addressed at a later date.

    2.    *Attorneys' Fees*

State Farm also argues that Solano-Sanchez has "included claims for attorney fees . . . in the *ad damnum* clause of her Count for Breach of Contract," and such is improper under Pennsylvania law because attorneys' fees may only be recovered when authorized by statute, contract, or some other authority, none of which, according to State Farm, apply here. State Farm's Mem. at 9. State Farm also argues that Solano-Sanchez is unable to seek recovery of attorneys' fees under 75 PA. CONS. STAT. § 1716 because underinsured motorist benefits are not "benefits" or "first party benefits" as defined in that statute.[19] *Id*. at 9-10. Solano-Sanchez

---

[19]    Section 1716 concerns automobile insurance first-party benefits, and provides as follows:

> Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

contends that (1) the court has discretion to award attorneys' fees on her breach of contract claim because that claim falls under the Pennsylvania Motor Vehicle Financial Responsibility Law, and (2) there is nothing in 75 PA. CONS. STAT. § 1716 that limits its applicability so as to exclude underinsured motorist benefits. *See* Opp'n. Mem. at 11-13.

It cannot be disputed that Solano-Sanchez may recover attorneys' fees if she succeeds on her claim of bad faith. *See* 42 PA. CONS. STAT. § 8371 (3). As for whether she may recover attorneys' fees on her breach of contract claim, "Pennsylvania courts have determined that a breach of automobile insurance contract claim falls under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. § 1701," and "[i]n certain cases, it is within the court's discretion to award attorney's fees under" that statute. *Pivtchev v. State Farm Mut. Auto Ins. Co.*, No. 3:19CV150, 2019 WL 2743844, at *3 (M.D. Pa. July 1, 2019). At this time, dismissal of Solano-Sanchez's claim for attorneys' fees would be premature, and the Court declines to do so. *See id*. ("At this point in the litigation, before discovery has been completed, it is impossible to determine whether attorney's fees may be awarded in this case or are precluded. Accordingly, the defendant's motion to dismiss based upon this ground will be denied."). Similarly, the Court declines to dismiss her claim for attorneys' fees based on 75 PA. CONS. STAT. § 1716. The application of that statute to Solano-Sanchez's claims is insufficiently clear to support the dismissal State Farm seeks at this early stage of the case.

## V. CONCLUSION

For the reasons discussed above, State Farm's motion to dismiss is denied. A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge